UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MCDONALD LUMBER COMPANY, INC.,

    Plaintiff,

v.                                       Case No. 06-C-770

CITICAPITAL TRAILER RENTAL, INC.,

    Defendant.

## ORDER

Following this court's decision and order of November 13, 2007, in which the court concluded that plaintiff McDonald Lumber was not entitled to a penalty for defendant Citicapital's early termination of its lease, McDonald moved to amend the judgment to partially grant its motion for summary judgment and award it some $8,875.95 for an unpaid special assessment together with interest that defendant Citicapital was required to pay under a separate provision in the lease. Although the special assessment was not addressed by the parties in their cross-motions for summary judgment or briefs, Citicapital concedes the point but seeks an offset to account for a rent payment it made after the lease had expired. That Citicapital paid the rent for the additional month is also unchallenged. If a set-off is allowed, the amount due McDonald with appropriate interest calculations would be $3,369.73.

I conclude that the set-off should be allowed. While "set-off" is an affirmative defense that should be raised at the time the answer is filed, *see Goldsmith v. Murphy*, 2005 WL 442230 *2 (N.D. Ill. Feb. 22, 2005), the technical failure to plead such a defense is not fatal when issue is

otherwise raised and no prejudice is shown. *Blaney v. United States*, 34 F.3d 509, 512-13 (7th Cir. 1994). Citicapital requested the return of the rent it overpaid in its brief in support of its motion for summary judgment, and McDonald did not dispute that Citicapital had in fact paid rent for the month of February even though the lease expired at the end of January. Indeed, McDonald argued that Citicapital's payment of rent after it notified McDonald it would be terminating, or not renewing, the lease effected an extension of the original lease term. (Pl.'s Br. In Supp. at 5.) Under these circumstances, I find that the issue was adequately raised and McDonald has suffered no prejudice as a result of Citicapital's failure to assert the set-off as an affirmative defense to its answer. Accordingly, the judgment will be amended to reflect that McDonald's motion is partially granted, along with an award in its favor of $3,369.73.

McDonald also hints that it will be seeking attorney's fees as a "prevailing party" pursuant to the terms of the lease. Citicapital suggests, not unreasonably, that *it* is more properly deemed the prevailing party given that it has won judgment as to more than 90% of the money McDonald sought. Given the outcome of the case, it would be difficult to grant much significance to the plaintiff's victory on the minor point addressed above. And, as the defendant notes, the lease would appear to allow both sides to recover their fees and costs under paragraph 34 because both obtained a final judgment as to certain of the funds sought. Add to the mixed outcome of the case the uncertainty of the law governing the application of such provisions, *see Tax Track Systems Corp. v. New Investor World, Inc.,* 478 F.3d 783, 788-89 (7th Cir. 2007), and it may be wise for the parties to forego the issue and declare the matter a wash. Since costs and fees have not yet been sought, however, I will not address that issue further at this time.

**IT IS THEREFORE ORDERED** that McDonald's motion to amend the judgment is **granted** and the clerk is directed to enter an amended judgment granting in part and denying in part both motions for summary judgment and awarding damages to McDonald and against Citicapital for the sum of $3,369.73, together with its statutory costs.

Dated at Green Bay, Wisconsin this 29th day of November, 2007.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge