# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MCDONALD LUMBER COMPANY, INC.,

      Plaintiff,

v.                                   Case No. 06-C-770

CITICAPITAL TRAILER RENTAL, INC.,

      Defendant.

## ORDER

The parties evidently settled this action and have now filed a stipulation in which they ask the court to dismiss the action with prejudice and vacate the judgment entered on November 13, 2007. The case was already dismissed, and I am uncertain whether vacating the judgment in these circumstances would even be proper. As the Seventh Circuit has noted:

> [A]s the judgment has no significance, we don't see why we should vacate it. Continental has paid Taco Bell in accordance with the settlement, and the only concern Continental has expressed about the judgment is that some "third party" might notice it and do something with it. But what could a third party do with a judgment that orders Continental to do what it has already done, namely reimburse Taco Bell for defense costs? The judgment is pointless, but an order vacating it would be equally so. If we're missing something, Continental can file a motion in the district court under Fed.R.Civ.P. 60(b).

*Taco Bell Corp. v. Continental Cas. Co.,* 388 F.3d 1069, 1078 (7th Cir. 2004). If there is some compelling reason to vacate the judgment, the parties are free to file a motion to that effect. As it now stands, however, the stipulation and request contained therein are therefore ordered **DENIED**.

Dated this   5th   day of March, 2008.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge